■ ALICE BIVONA et al., Respondents, v CITY OF NEW YORK et al., Respondents, and YORK SCAFFOLD & EQUIPMENT CORP., Appellant. 675 CHELSEA CORP., Third-Party Plaintiff-Respondent, v YORK SCAFFOLD & EQUIPMENT CORP., Third-Party Defendant-Appellant and Fourth-Party Plaintiff-Appellant. L.A. WENGER CONSTRUCTION CO., INC., Fourth-Party Defendant-Respondent. [603 NYS2d 151] —Order, Supreme Court, New York County (Eugene Nardelli, J.), entered October 30, 1992, which, *inter alia,* denied the motion of defendant York Scaffold & Equipment Corp. (York) for summary judgment dismissing the complaint against it pursuant to CPLR 3212, unanimously affirmed, without costs.

Plaintiff alleges that she was injured on January 3, 1989, when she tripped and fell on a cracked and otherwise defective sidewalk on West 22nd Street between Sixth and Seventh Avenues. In moving for summary judgment, defendant York, which had erected a sidewalk bridge over the area for the protection of pedestrians during construction on the premises, argued that it was not responsible for maintaining the sidewalk, nor had it created or contributed to any crack in the sidewalk or other defect which caused plaintiff's fall.

Among other things, however, defendant has not established a prima facie case that the weight of the bridge, and its long presence on the site, could not have caused the sidewalk to crack or shift in some manner. The affidavit of defendant-appellant's vice president, who was not shown to have any expertise or special knowledge in this regard, was insufficient for this purpose. At this stage of the action, there are ques-

tions of fact as to whether defendant's conduct contributed to the happening of the accident. Concur—Sullivan, J. P., Ellerin, Ross and Rubin, JJ.